IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Dewese, | Civil Action No.: 2:11-3024-DCN-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| | **OF MAGISTRATE JUDGE** |
| Science Applications International Corporation, | |
| Defendant. | |

On November 7, 2011, Plaintiff brought the instant employment discrimination action against Defendant Science Applications International Corporation. (See Dkt. No. 1.) On November 13, 2012, Defendant filed a Motion to Dismiss for Lack of Prosecution or, in the Alternative, to Compel. (Dkt. No. 49.) By order of this court filed November 14, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 50.) On or about November 16, 2012, Plaintiff filed a letter, wherein he stated (verbatim), "Will you please not dismiss my case. I will ask for a[n] extension for my discovery requests." (Dkt. No. 50.)

In the Motion to Dismiss for Lack of Prosecution or, in the Alternative, to Compel, Defendant states that it "served discovery requests on Plaintiff on June 22, 2012 and has granted several extensions, all of which have passed without Plaintiff responding to discovery." (Dkt. No. 49 at 5 of 8.) On January 3, 2012, the undersigned issued an order stating, *inter alia*,

> IT IS ORDERED that the Plaintiff shall have through **January 23, 2013**, within which to serve his responses to (a) Defendant's First Set of Interrogatories to Plaintiff and (b) Defendant's First Request for Production to Plaintiff. (See Dkt. No. 49-1.) **At the same time** that Plaintiff serves his discovery responses on Defendant, Plaintiff is ORDERED to file a Certificate of Service, showing service of his discovery responses upon Defendant. The Plaintiff is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and for

failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., with prejudice.

(Dkt. No. 60 at 1-2.)

On January 24, 2013, Defendant renewed its Motion to Dismiss for Lack of Prosecution. (Dkt. No. 63.) In the newly filed motion, Defendant states that it seeks dismissal with prejudice because "Plaintiff failed to respond to the Defendant's discovery requests, and failed to file a Certificate of Service, by the required deadline." (Dkt. No. 63 at 1.)

As noted by Defendant, Plaintiff failed to comply with the undersigned's order dated January 3, 2013. (Dkt. No. 60.) In fact, the last filing made by the Plaintiff was his letter filed on or about November 16, 2012. (Dkt. No. 52.) The time for Plaintiff to respond to Defendant's discovery requests has passed, as has the time for Plaintiff to file the Certificate of Service ordered by the undersigned.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

February 7, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).